UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS JONES, *Pro Se,* ) | Case No.: 1:18 CV 2696 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| KELLY NEEDHAM, *et al.*, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants ) | |

*Pro Se* Plaintiff Demetrius Jones filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Deena R. Calabrese, Cuyahoga County Assistant Prosecutor Kelly Needham, Cuyahoga County Sheriff Clifford Pinkney, and the Cuyahoga County Jail Doctor and Nursing Staff. Plaintiff's Complaint is very brief. He alleges: (1) the court or the sheriff did not properly process paperwork to allow him to attend his grandmother's funeral; (2) the prosecutor received copies of his outgoing mail; (3) the court kept continuing his court date; and (4) segregation inmates in the jail are given one sandwich for lunch and one sandwich for dinner. He asserts his Sixth and Fourteenth Amendment rights were violated and seeks $1,500,000.00 in damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination

is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Judge Calabrese and Prosecutor Kelly Needham are absolutely immune from suits for damages based on decisions or actions they took in the course of presiding over or prosecuting the case against Plaintiff. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991)(judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)(prosecutorial immunity). Judges are protected from suits for damages by absolute immunity as long as the conduct alleged was performed at a time when the Defendant was acting as a judge and was not taken in complete absence of all subject matter jurisdiction of the court over which the judge presides. *Mireles*, 502 U.S. at 11-12; *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Prosecutors are protected from suits for damages by absolute immunity when the actions in question are those of an advocate, including actions directly related to initiating a prosecution and presenting the state's case, and activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

Here, Plaintiff alleges Calabrese and Needham secured continuances denying him a speedy trial under the Sixth Amendment, and did not effectuate his release to attend his grandmother's funeral. Decisions to request, oppose or grant continuances, furloughs, or release on bond are all actions taken in the course of the litigation. Calabrese and Needham are absolutely immune from suits for damages stemming from these actions.

In addition, Plaintiff has not alleged facts suggesting the Cuyahoga Sheriff or the medical personnel at the jail personally engaged in activity that violated his constitutional rights. Plaintiff

3

cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff does not allege any facts pertaining to medical personnel. He indicates that either the courts or the sheriff's office did not properly process paperwork required for him to secure a furlough for his grandmother's funeral. He states jail detainees sent to segregation receive sandwiches for lunch and dinner. Plaintiff does not allege enough facts to suggest Sheriff Pinkney was personally involved in any of these situations.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 20, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.